WARD, Judge.
The District Attorney filed a bill of information charging the defendant Isaac Jones with aggravated arson of an apartment occupied by Karen Jones. Following trial, the jury convicted the defendant of simple arson where the damage is five-hundred dollars or more. Adjudged a multiple offender, the defendant was sentenced to serve seven years at hard labor. On appeal, the only assignment of error is that the evidence is insufficient to support a conviction for simple arson. We do not find merit in that assignment, and therefore, affirm the conviction and sentence.
To determine if the record supports the verdict we must review it for sufficiency of the evidence under the standards of due process established by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Porretto, 468 So.2d 1142 (La.1985). Applying Jackson, we must consider the evidence in the light most favorable to the prosecution, and after considering the evidence in this manner, the question then becomes whether a rational trier of fact could conclude that the defendant’s guilt has been shown beyond a reasonable doubt.
Viewing the evidence in the light most favorable to the prosecution, the trial record shows that Karen Jones, who is not related to the defendant, first met him eight days prior to the fire in her apartment. Although the defendant spent the night in Ms. Jones’ apartment several times, she never gave him a key to her apartment, and when the defendant asked her if he could move in with her, she refused.
The day before the fire, Ms. Jones and her nine-year old son returned to her apartment to discover that the defendant had broken in through the rear kitchen door by picking a defective lock. When Ms. Jones told the defendant to leave, he threatened her. After the defendant left, Ms. Jones was so frightened that she had a peace bond issued for the defendant. That night Ms. Jones and her three children stayed with relatives.
The next morning Deanne Powells, a neighbor who lived directly above Ms. Jones, was washing her face in the bathroom located at the rear of her apartment. At approximately 8 a.m. she heard someone knocking hard on the rear door of Ms. Jones’ apartment. About ten minutes later, she smelled smoke and opened the bathroom window and looked out. She saw the defendant, whom she had met several times, running away from the apartment toward a “little cut” in the courtyard.
Ms. Jones and her children returned home to find the apartment on fire. After *439 the fire was extinguished, two New Orleans Police Department Officers examined the apartment, finding it heavily damaged. Officer Knoblock observed that the rear door of Ms. Jones’ apartment had been kicked-in and its chain lock had been torn off. When Officer Knoblock found all of the burners on the gas stove turned on, he notified the arson squad. Officer Harry Mendoza, an arson expert in the New Orleans Police Department, also observed that the entry through the rear door was forced. He further determined that the fire was started by someone who brought a heat source, such as a cigarette lighter or a match, to materials in a bedroom closet, and that “heavy to medium” fire damage occurred in the hallway and bathroom. Smoke damage occurred throughout the entire apartment. The fire destroyed all of Ms. Jones’ bedroom furniture and clothes.
Mark Taylor, Jr., principal of Harney Elementary School which is located approximately six blocks from Ms. Jones’ apartment, corroborated her testimony that her three children were absent from school on the day of the fire. Mr. Taylor testified that the defendant , came to the school between 9:00 and 10:00 a.m. on the day of the fire and requested the addresses of the children, claiming to be their step-father. Because the defendant could not produce any evidence of his relationship to Ms. Jones, Mr. Taylor refused to give him the information.
The defendant took the stand and testified on his behalf. Although the defendant admitted to his relationship with Ms. Jones, he denied asking to move in with her or breaking into the apartment. The defendant further admitted that he lied to Ms. Jones about being employed as a chef at the Hilton Hotel. He testified that he was aware of the defective lock on the rear door and was familiar with the layout of Ms. Jones’ apartment. The defendant denied that he knew the neighbor, Ms. Pow-ells. He also denied that he went to Har-ney Elementary School on the day of the fire. When he testified that he had only two previous convictions, one for trespassing and another for carrying concealed weapon, the State introduced records of another conviction for aggravated criminal damage to property by means other than fire or explosion. That conviction stemmed from the defendant’s arrest for aggravated arson of a D.H. Holmes Department Store.
He testified that at the time of the fire in Ms. Jones’ apartment he was seeking work at the Dixie Labor Pool and that two men had given him a ride to the labor pool at 5 a.m. because he did not have transportation. The defendant also testified that he had the name and telephone number of a person who had called him at the labor pool on the day of the fire to tell him about it. The Trial Judge continued the trial to give the defendant additional time to produce his alibi witness. When trial resumed four days later, however, the defendant produced no witness.
Considering this evidence in the light most favorable to the State, could a reasonable trier of fact have concluded that the defendant committed the crime of simple arson where the damage is five-hundred dollars or more? The State produced overwhelming evidence of a fire being intentionally set in Ms. Jones’ apartment without her consent and causing $500 or more damage. The defendant, however, denies that he is.the one who started the fire.
The facts show that the state produced evidence of the defendant’s violence toward Ms. Jones the day before the fire; the defendant’s knowledge about the defective lock on the rear door; the defendant’s presence in the courtyard adjacent to Ms. Jones’ apartment at the time the fire was set; and the defendant’s presence at the school, which is near Ms. Jones’ apartment, approximately one hour after the fire was set. Although the defendant denied many of these facts, his credibility was seriously damaged by other witnesses’ contradictory testimony, his admitted fabrication and inability to produce an alleged alibi witness. Unquestionably, the State presented sufficient evidence to prove beyond a reasonable doubt that the defendant was the person who set fire to Ms. Jones’ apartment. *440 We, therefore, affirm the conviction and sentence.
AFFIRMED.